IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BEVERLY E. LOEW | : | |
| | : | |
| v. | : | Civil Action No. DKC 19-3352 |
| | : | |
| DAI GLOBAL, LLC | : | |
| | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this failure-to-hire/quasi-contractual dispute are Plaintiff's "Motion for Leave to Amend Complaint and Motion for Reconsideration" (ECF No. 32), and her subsequent "Motion for Leave of the Court to Amend the Documents She Filed on September 29, 2020 in Error with the Version that were Meant to have been Filed." (ECF No. 36). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiff's first motion for leave to amend will be granted in part and denied in part, and her second motion for leave to amend will be denied.

I.  **Background**

The background of this litigation is documented in a previous opinion. (ECF No. 30); *Loew v. Global*, No. DKC 19-3352, 2020 WL 5369120 (D.Md. Sept. 8, 2020). In that opinion and attendant order (ECF No. 31), issued on September 8, 2020, all of Ms. Loew's claims were dismissed except her unjust enrichment claim, but she was invited to file a motion for leave to amend to plead quantum

meruit, a claim she had suggested for the first time in a responsive filing. On September 29, 2020, Ms. Loew filed a motion purporting not only to seek leave to amend but also "for [r]econsideration."[1] (ECF No. 32). The request to amend asks not only to 1) add a claim of quantum meruit, but 2) to "amend the facts of her complaint" with numerous ancillary facts added to the complaint's general allegations, and 3) to amend her prayer for relief. A supplemental, redline version of the proposed amended complaint was filed on October 5 pursuant to a request under Local Rule 103.6.c. (ECF No. 34).

On October 13, DAI filed its response, opposing the motion for leave to amend on multiple fronts. (ECF No. 35). Fifteen days later, Ms. Loew filed both a reply to her first motion for leave to amend (ECF No. 37), and a motion for leave of court to amend a second time, citing a realization (upon reviewing DAI's response) that she had erroneously filed the wrong "document set" along with her first motion. (ECF No. 36) (submitting a new "corrected" version of her complaint, ECF No. 36-3). DAI filed its opposition to the second motion for amendment on November 10. (ECF No. 38). Ms. Loew filed an unopposed motion for an extension

_____

[1] DAI points out in response that the motion "does not clearly articulate what Loew seeks reconsideration of." (ECF No. 35, at 1). In her reply, Ms. Loew claims the "reconsideration" language and what DAI has called its "vague reference to her dismissed claim for conversion" (*See* ECF No. 32, at 1) were both unintentionally included and "the result of a failure to properly save the motion after editing it." She concedes "it was not [her] intention to seek reconsideration of any claim." (ECF No. 37, at 1).

of time on November 25 (ECF No. 39), and on November 27 filed her reply to her second motion for leave to amend.  (ECF No. 41).

## II.  Standard of Review

The Rules provide that a party may amend a pleading as a matter of course within 21 days of serving it.  Fed.R.Civ.P. 15(a)(1).  Once the right to amend as a matter of course expires, as it has in this case, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2).  "[A]fter the deadlines provided by a scheduling order have passed, the good cause standard . . . must be satisfied to justify the leave to amend." *Ademiluyi*, No. ELH-12-0752, at *4 (quoting *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008)).  Nevertheless, denial of leave to amend should occur "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986); *see also Mayfield v. National Ass'n for Stock Car Auto Racing, Inc.*, 674 F.2d 369, 379 (4th Cir. 2012).  An amendment is futile if it could not withstand a motion to dismiss.  *See Perkins v. U.S.*, 55 F.3d 910, 917 (4th Cir. 1995).  A complaint against an improper party would be dismissed for failure to state a claim under Fed.R.Civ.P. 12(b). *CoStar Realty Info., Inc. v. Meissner*, 604 F.Supp.2d 757, 767 n.3 (D.Md. 2009).

## III. First Motion for Leave to Amend

In its opposition to Ms. Loew's second motion, DAI expresses confusion over whether Ms. Loew is seeking to withdraw her fist motion for leave to amend.  (ECF No. 38, at 1).  In her latest reply, however, Ms. Loew clarifies that both are meant to remain pending and that she requests their "seriatim consideration." (ECF No. 41, at 2).  They will therefore be analyzed in order.[2]

### A.   Damages

As a threshold matter, Ms. Loew's requested amendment of her prayer for relief will be denied as the relief she seeks is not available by law.  Ms. Loew explains that she is no longer asking for the expectation damages formerly sought under the now-dismissed breach of contract claim but instead seeks DAI's disgorgement of the profit she estimates it made on the entire USAID project, which she asserts is "between $1,824,000 and $2,480,000." (ECF No. 32-2, at 29-30).  The previous opinion squarely stated, and Defendant reiterates, relief for unjust enrichment only allows recovery up to the "benefit realized and retained by the defendant," while the scope of quantum meruit relief is "limited to 'damages amounting to the reasonable value

---

[2] DAI claims that Ms. Loew should have sought its consent before seeking to add to her complaint beyond merely adding a quantum meruit claim under "Local Rule 105(6)(d)." While DAI means to cite to Local Rule 103.6.d, Ms. Loew's alleged non-compliance with the rule is not fatal, particularly here where the filing of a motion for leave to amend had already been invited by the previous opinion, albeit not in this way.

of the work performed.'"  *Loew*, 2020 WL 5369120, at *7-8 (D.Md. Sept. 8, 2020) (citing *T. Musgrove Constr. Co., Inc. v. Young*, 840 S.E.2d 337, 341 (Va. 2020)); (ECF No. 35, at 7) (same).   The relevant metric in either standard is the value of the work produced.   Disgorgement of the anticipated value of the entire project is not a reasonable estimate of the value of the specific and limited forms of work product produced by Plaintiff in the project's preliminary "bid" stage.  Neither of the two cases cited by Plaintiff support a disgorgement remedy of this sort in a quasi-contractual claim.[3]  The first motion for leave to amend, insofar as it seeks to add a well-over million dollar claim for disgorgement, will be denied.

   **B.   New Facts**

   With all but her quasi-contractual claims dismissed, Plaintiff adds substantial color in the general allegations of her complaint detailing the various understandings she had with Dr. Bond leading up to her work on DAI's proposal (*see* the redlined complaint, ECF No. 34, ¶¶ 1-114), and, details around her particular expertise "in Ukraine and with the types of tasks the

---

   [3] DAI uses its opposition to Ms. Loew's second motion to respond, in part, to Ms. Loew's first reply, by pointing out that *Belcher v. Kirkwood*, 383 S.E.2d 729 (Va. 1989) involved an unjust enrichment claim by a woman seeking the recovery of money she lent to a former partner and that *Robertson v. Robertson*, 119 S.E. 140 (Va. 1923) involved a fight over the earnest money in a failed land deal and not an unjust enrichment or quantum meruit claim, at all.  Both are therefore inapposite to whether a company's eventual profits are available as a remedy for a quasi-contractual claim. (ECF No. 38, at 5-6) (citing ECF No. 37, at 6).

USAID mission sought to implement in the task order." (ECF No. 32-2, ¶ 110).   The new allegations similarly add speculation as to how Ms. Benezet-Parsons, as DAI's agent, is alleged to have sabotaged Ms. Loew's working relationship with Dr. Bond and her involvement in the project that she helped to secure.   (*See* ECF No. 34, ¶¶ 118-122).   In explaining these changes, she says that, "She seeks not to offer any new, independent facts, but rather to supplement her complaint with information DAI has admitted to retaining" or is held by its agents.[4]   (ECF No. 32, at 2-3) (citing Declaration of Dragan Vasilic, ECF No. 29, at 16-17).

DAI argues that Ms. Loew's "attempt to amend the 'facts' violates [Fed.R.Civ.P.] 8's requirement that the complaint provide a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" (ECF No. 35, at 6) (citing *Jarvis v. Enterp. Fleet Servs. And Leasing Co.*, No. 2007-3385, 2008 WL 11367519, at *3-*4 (D.Md. Apr. 3, 2008)).   It asserts that "[n]ot only does her proposed amended complaint fail to delete most of the allegations that are no longer relevant to a claim for unjust enrichment or quantum meruit, it seeks to add new irrelevant allegations."   (*Id.*) (citing ECF No. 32-2, ¶ 53).

It is unclear what direct relevance many of these facts have to Ms. Loew's two potentially viable claims.   However, it is equally unclear what prejudice DAI suffers by their inclusion.

---

[4] The motion seems to refer to Dr. Bond and Ms. Benezet-Parsons as DAI employees.

The case sited by DAI, *Jarvis v. Enterp. Fleet Servs. and Leasing Co.*, No. 2007-3385, 2008 WL 11367519, at *3-*4 (D.Md. Apr. 3, 2008) (emphasis added), suggests that an added "80 enumerated paragraphs of rambling text" which "balloons the length of the length of the complaint *six fold*" is "unduly prejudicial" by forcing the Defendant to respond to it in light of Fed.R.Civ.P. 8(a).

Here the added length of the amended complaint from the original complaint is less than two-fold. (*Compare* the thirty-one-paged ECF No. 32-2 *with* the twenty-four-paged ECF No.1).  Unlike in *Jarvis*, the allegations are not so rambling as to make responding difficult.  What prejudice DAI would suffer is unclear because as Ms. Loew states "there are no facts in the amended complaint that will not be revealed in discovery."  Leave to amend the added facts to the complaint's general allegations will be granted.

## C.   The Quantum Meruit Claim

Despite the previous opinion's declaration that Ms. Loew's addition of a quantum meruit claim would not be futile, *Loew*, 2020 WL 5369120, at *7, Plaintiff seems to negate her own attempt at adding a claim for quantum meruit in her initial motion.  She seemingly treats claims of quantum meruit and unjust enrichment as mutually exclusive by arguing that, "[w]hether Loew's claim is [one or the other] turns on the determination of . . . [w]hether the offer of work product by Loew and the acceptance and incorporation of it by DAI was precipitated by a request for Loew's

substantial work product." (ECF No. 32, at 9); (*see also* ECF No. 32-2, ¶ 124(d)).  In arguing that unjust enrichment "is readily applicable to the facts of this case," she concedes that "DAI did not expressly request or seek out Loew's services." (*Id.*, at 7).  This seemingly concedes a central element of a quantum meruit claim, which DAI seizes on in its response.  (ECF No. 35, at 4) (citing *Loew*, 2020 WL 5369120, at *8).  Conceding this fact, DAI argues, renders amendment of her complaint to include a claim for quantum meruit futile.

Nevertheless, Ms. Loew's reply clarifies her belief that she can, in fact, "reasonably support the element of quantum meruit that involves a request for service from Respondent."  As she explains, DAI "did not request or seek out Petitioner's services *in the first instance*" because Dr. Bond offered her services as part of the project proposal team; DAI did, however, reach out to her at various times to secure her input and "analysis" portion of "statement of work" and "pressed [her] frequently for dates on which she would be able to travel to Kyiv to commence work," as "amplified in the amended complaint." (ECF No. 37, at 3) (citing ECF no. 32-2, ¶¶ 69-72) (emphasis added).  While Ms. Loew's discussion of the proposed amended complaint confuses things, the amended complaint itself does seem to allege sufficient facts plausibly to support either a claim for unjust enrichment or quantum meruit (if not both).  Her motion to amend her complaint to include allegations of quantum meruit will be granted.

## IV.  The Second Motion for Leave to Amend

Ms. Loew filed this motion for leave to amend at the same time she filed her reply to DAI's opposition, which DAI had filed two weeks earlier, and almost exactly a month after she filed her first motion for leave to amend. (*See* ECF No. 36). She claims that the discovery was belated because the "erroneous documents" in the first amended complaint were not caught until she began to review DAI's response. She opted to correct her filing along with her reply for "sake of efficiency," but argues, "[i]t does not appear to Petitioner that there are any issues in the correct document set to which Respondent did not have an opportunity to address." Therefore, she asserts, her motion should be granted as "not being presented in bad faith or [with] any dilatory motive." (ECF No. 36, at 1-2) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). She begs leave to replace the "October 28 document set [the new amended complaint] for the September 20 document set" in order to ensure "documents that are as free of extraneous errors as Petitioner can manage." Such errors allegedly include not only "typographical errors," but any "references to any other topics that were not addressed in full because they were not meant to be addressed at all." She presents this as an effort to "mitigate" these mistakes she says were caused by poor "version control," among other things.[5]  As with the first motion for leave to amend,

---

[5] Outside of reference to reconsideration and a now-dismissed conversion claim, it is entirely unclear what other "errors" were

Ms. Loew argues that DAI has not suffered "undue delay or undue prejudice" as it has not answered her complaint and as discovery has not yet begun.

Many of the factors counseling in favor of granting the first leave to amend counsel against granting the second one. To begin with, here DAI is prejudiced because, as it points out, it has already responded to her first motion for leave to file an amended complaint. The second amended complaint, for example, adds even more "facts" to the first amended complaint, taking it from thirty-one pages to fifty-two pages, a more than doubling of the original twenty-four page complaint, and coming closer to the kind of "[p]rejudice posed by lengthy and rambling amendment" in *Jarvis*. 2008 WL 11367519, at *3.[6]   This prejudice is mitigated somewhat given that DAI largely just reiterates its arguments against both the "amplification" of "facts" and Ms. Loew's new prayer for

---

corrected. They are not readily apparent when the three versions of the complaint are compared given the sheer volume and scope of the changes between and among them.

   [6] Belying any attempt to maintain a "short and plain" statement as required by Fed.R.Civ.P. 8 are entries like the new ¶ 163 that includes an entire section of an excel spreadsheet that Ms. Loew sent Ms. Benezet-Parsons to try to correct her "misunderstanding" surrounding Plaintiff's proper pay rate on the project. She also goes to great length to catalogue other communications with Ms. Benezet-Parsons that she claims show her wish to "continue dialog" around her future role in the project, not "halt it." (*See* ECF No. 36-3, ¶¶ 154-163). Nonetheless, it is entirely unclear how such details further either her quantum meruit or unjust enrichment claim except to front-load arguments that go to the weight of her claims and are better suited for discovery and for addressing thereafter.

disgorgement of DAI's profit contained in both amended complaints. (ECF No. 38, at 5-7).[7]

More important is DAI's claim that Ms. Loew does not seek this amendment in good faith. As DAI argues "this is not an instance in which a plaintiff is legitimately seeking to amend a complaint to cure deficiencies using newly obtained information." Ms. Loew argues that, in light of DAI's "misstatement, misinterpretation, distortion, and invention of fact" found in its earlier motion to dismiss and reply, "it was not inappropriate to clarify and amplify secondary and ancillary facts to avoid confusion in the future." (ECF No. 41, at 5-6) (citing ECF Nos. 22-1 and No. 29).

But key changes reveal that Ms. Loew actually was reacting to arguments made in DAI's opposition to her first motion for leave to amend. For instance, Ms. Loew has taken her former allegation that "Respondent did not expressly request or seek out Petitioner's services" and added the phrase "in the first instance" and added to the next sub-allegation that "[i]n some cases, she provided work product and other input pursuant to a specific request by Bond." (*Compare* ECF No. 32-2, ¶ 123 (a),(b) *with* 36-5, ¶ 221 (a),(b)). Such additions seem only to further a reading of her

---

[7] As DAI re-asserts the same central arguments from its first opposition, Ms. Loew incorporates her first reply into her second, as well. (ECF No. 41, at 3). DAI also argues under Local Rule 103.6.c that it was once again not consulted before Ms. Loew filed her motion and adds that her reply was one day late. As before, such technicalities are not fatal to consideration of her motion.

complaint she first articulated in her reply, filed on the same day, and which she seemingly formulated in direct response to DAI's argument that she had negated her own quantum meruit claim. (*See* ECF No. 37, at 3).  Having similarly reviewed DAI's attack of her prayer for the project's overall profit, she also seeks to bolster her claim that such profit would never have been possible without her input. (*See* redlined second amended complaint, ECF No. 36-5, "Relief Sought").  In here and other amended sections, "[a] comparison of her first and second proposed amended complaints makes incredible any suggestion that the second proposed amended complaint was simply an earlier version without certain changes having been changed." (ECF No. 38, at 3).[8]

While her first amended complaint may have contained typographical errors or arguments that Ms. Loew hoped to remove, such errors were effectively addressed in both DAI's opposition and the clarifications in Plaintiff's reply.  The other changes seem to be nothing more than Ms. Loew's attempts to move the goal posts and plug the holes her opponent has revealed in her amended complaint.  None of these changes would seemingly change the outcomes of DAI's substantive complaints with the three areas of proposed amendment.  Yet there is little to be gained by allowing Ms. Loew to attempt to side-step DAI's response to its amended

---

[8] Ms. Loew submits two redlined versions of her newest proposed complaint, one comparing it to her first proposed amended complaint (ECF No. 36-4), and one comparing it to her original complaint.  (ECF No. 36-5).

complaint through a request for further amendment while her first leave to amend is pending, except to reward the kind of dilatory and bad faith efforts that Fed.R.Civ.P. 15(a) seeks to bar.  Ms. Loew's second motion for leave to amend will be denied.

## V.    Conclusion

For the foregoing reasons, Plaintiff's motion for leave to amend and for reconsideration will be granted in part and denied in part.  Plaintiff's motion for leave to amend a second time will be denied.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
